UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TERESA CLARK CAIN, ET AL | CIVIL ACTION NO. 14-1057 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GENERAL MOTORS, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant General Motors' ("GM") Motion to Dismiss and/or Motion to Strike (Record Document 7). GM seeks dismissal of any and all of Plaintiffs' claims based on failure to state a claim under Louisiana law. Plaintiffs oppose the motion. (Record Document 12). For the reasons which follow, the Motion to Dismiss is **DENIED** and the Motion to Strike is **DENIED IN PART** and **GRANTED IN PART.**

**RELEVANT BACKGROUND**

Plaintiffs Teresa Cain, Kellie Guy, and David Rosenthal filed an Original Class Action Complaint on May 29, 2014 (Record Document 1).

The petition alleges that Plaintiff, Teresa Cain purchased a 2011 Chevrolet Camaro Convertible on April 14, 2011 for the purchase price of $35,160.00. The vehicle has been in the repair shop on 12 separate occasions for a cumulative total of 125 days due to the water leaks in the Camaro because of a defective convertible top design. See id., ¶ C-21. Plaintiff, Kellie Guy purchased a new 2012 Chevrolet Camaro Convertible for the purchase price of $46,531.95 on August 20, 2011. Plaintiff's vehicle has been in the repair shop on more than 10 separate occasions for a cumulative total of 45 days or more due to water

leaks in the Camaro because of a defective convertible top design.  See id., ¶ C-22 . Plaintiff, David Rosenthal purchased a new 2011 Chevrolet Camaro Convertible on August 20, 2011 for the purchase price of $42,310.00.  The vehicle has been in the repair shop on 5 separate occasions for a cumulative total of 60 days due to water leaks in the Camaro because of a defective Camaro convertible top.  Plaintiffs seek damages suffered by the class, contending that they lost the use of their vehicles, paid out of pocket for costs such as alternative transportation, the diminution in resale value of the vehicles and increased risk of physical harm.  See id., ¶ C-23

The petition contains the following headings which list the causes of action asserted against GM, Count 1:  "Breach of Implied Contract", Count 2: "Breach of Implied Warranty of Merchantability", and Count 3: "Breach of Implied Warranty of Fitness for a Particular Purpose." See id. at 5-7.

**LAW AND ANALYSIS**

**I.    Rule 12(b)(6) Standard.**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  The Supreme Court expounded on the Twombly

Case 5:14-cv-01057-SMH-MLH   Document 18   Filed 03/16/15   Page 3 of 6 PageID #: 83

standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

## II. Redhibition

In a suit for redhibition, the plaintiff must prove: (1) the seller sold the thing to him and it is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that, judged by the reasonable person standard, had he known of the defect, he would never have purchased it; (2) the thing contained a non-apparent defect at the time of sale; and (3) the seller was given an opportunity to repair the defect. See La. Civ. Code Art. 2520.

Plaintiffs argue that they have plead enough facts in their petition to state a claim for relief under redhibition. There appears to be some dispute as to what type of claims the Plaintiffs are bringing, and whether they are claims that may be brought under Louisiana law. In their complaint, Plaintiffs classified their claims as breach of contract and breach of implied warranties. Defendant in their opposition assert that these are not claims under Louisiana law and therefore the motion to be dismissed must be granted.

Plaintiffs do not use the term redhibition in their complaint, however they argue in their Opposition to the Motion to Dismiss, that their claims are redhibition claims, even

though they failed to identify them as such in the Complaint. It has been established that "[P]leading improper legal theory does not preclude recovery under proper theory." See Doxx v. South Cent. Bell Telephone Co., 834 F. 2d 421 (5th Cir. 1987). Further, "[i]f complaint alleges facts, which, under any theory of law, would entitle complainant to recover, action may not be dismissed for failure to state a claim." See Due v. Tallahassee Theatres, Inc., 333 F. 2d 630 (5th Cir. 1964).

Plaintiffs use language such as "defective convertible top" and "would not have purchased the vehicles or would not have paid the purchase price" in the Complaint. In order for Plaintiffs to be able to recover under the redhibition statute, there must be an alleged defect. In this case the alleged defects are the convertible tops that leak. This language matches up with the language in the statute for redhibition. Further, "[a]ctions based on a breach of warranty against defects are to be brought in redhibition instead of as a breach of contract." See Molbert Bros. Poultry & Egg Co. v. Montgomery, 261 So. 2d 311 (La. Ct. App. 1972). While Plaintiffs use different terminology, they are providing adequate notice to the Defendants that the suit is based upon a breach of a warranty against defects in design or manufacture, which falls within the redhibition statute. In this case, while Plaintiffs did not identify their claims as redhibition claims, based on the alleged facts, the Complaint entitles Plaintiffs to recover under the theory of redhibition. Thus, the Motion to Dismiss is **DENIED** as to Plaintiffs' redhibition claim.

### III. Class Action

Plaintiffs have brought this action as part of a class action, which Defendant objects

to in its Motion to Dismiss.  At this time, it is premature for this court to rule on the class action certification, based on the fact that the information required to make such a determination has not been provided to the Court.  Thus, the Motion to Strike as to the class action suit is **DENIED** as premature.

## IV.  Punitive Damages

Plaintiffs seek punitive damages in their prayer for relief contained within their Complaint.  Defendant argues that punitive damages are not permitted under Louisiana law.  Under the redhibition statute, punitive damages are not recoverable. La. C.C. Art. 2520. The fact that punitive damages are not recoverable is not in and of itself enough to grant the Motion to Dismiss in its entirety.  Rather this Court finds that punitive damages are not recoverable under applicable Louisiana law.  Thus, the Motion to Strike as to punitive damages is **GRANTED**.

## V. Claims Under Texas Law

Plaintiffs have indicated in their Opposition to the Motion to Dismiss that they will be voluntarily dismissing, without prejudice, Plaintiff's Texas claims. Therefore, this Court will not address those claims.

## CONCLUSION

The Court finds that Plaintiffs' redhibition claim to recover damages, attorney fees, and rescission of the sale may proceed.

Accordingly, GM's Motion to Dismiss (Record Document 7) is **DENIED** and GM's Motion to Strike (Record Document 7) is **DENIED** as premature as to class action certification and **GRANTED** as to punitive damages..  An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 16th day of March, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE